MEMORANDUM DECISION
Appellants, Cynthia Fruth and Randal Estes, appeal from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, granting legal custody of appellants' two children, Randal E. Fruth and Roxana Fruth, to their maternal uncle, Robert Fruth.
According to the trial court's decision in this matter, the case was originally filed as a neglect and dependency action due to the deplorable housing conditions in appellants' home. Even prior to the action being filed, appellants' children had been placed outside the home three times by agreement due to the conditions of the home. On two occasions, the children were placed in a grandparent's home; on one occasion, they were placed with their maternal uncle and aunt, Robert and Lynne Fruth. Although the parents cleaned the home after each removal so that the children could be returned, after each return the housekeeping again deteriorated.
On June 16, 1996, as a result of a referral, this action was commenced and a Temporary Order of Protective Supervision was granted to Franklin County Children Services ("FCCS") on July 19, 1996. Once again, the children were placed with Robert Fruth. In July 1996, FCCS filed a case plan that contained objectives for appellants to achieve, including maintaining their home free of fire hazards and meeting the childrens' needs all of the time.
By December 14, 1996, the home was sufficiently clean to warrant return of the children to appellants. By January 9, 1997, however, Robert Fruth felt the home had again deteriorated to the point that the children were at risk. Accordingly, he filed a Motion for Custody. His Motion for Custody was consolidated with FCCS' review, and the children were placed on a visitation schedule with Robert Fruth and his wife. On September 18, 1997, Robert Fruth withdrew his custody motion and instead filed a complaint for visitation under R.C. 3109.12. The dependency and neglect action was consolidated for trial with the visitation case, which began on October 2, 1997.
In November 1997, FCCS filed the required semi-annual review and in it recommended that the children remain in appellants' home despite the declining home conditions. Nonetheless, by January 12, 1998, although the matters were still in trial, FCCS filed a motion requesting an emergency placement order due to the conditions in the home. The children once again were placed with Robert and Lynne Fruth. FCCS' motion requested that legal custody be granted to Robert and Lynne Fruth, and the motion was consolidated for consideration with the ongoing trial.
On June 10, 1998, the magistrate issued a decision, including findings of fact and conclusions of law. Although finding that appellants had made some improvements in the home, the magistrate concluded appellants had been unable to maintain an appropriate environment for the children. As a result, the magistrate determined the best interests of the children required that wardship of the children be maintained and that legal custody be granted to the maternal uncle, Robert Fruth, pursuant to R.C.2151.353(A)(3). The magistrate, however, determined that visitation with appellants would be appropriate, provided appellants were able to provide a safe housing environment.
Appellants filed objections to the magistrate's decision, which the trial court overruled. Appellants appeal, assigning the following errors:
ASSIGNMENT OF ERROR NUMBER ONE
 THE JUVENILE COURT DID NOT COMPLY WITH THE REQUIREMENTS OF OHIO REVISED CODE SECTION 2151.353(A)(3) AND RELATED STATUTES IN GRANTING A CHANGE OF LEGAL CUSTODY.
 ASSIGNMENT OF ERROR NUMBER TWO THE JUVENILE COURT FAILED TO ENFORCE THE OHIO RULES OF EVIDENCE IN THE HEARING ON A MOTION FOR CHANGE OF LEGAL CUSTODY.
Appellants' first assignment of error first contends the trial court erred in hearing FCCS' January 12, 1998 motion, which requested legal custody be granted to the Fruths, as part of the ongoing trial on the neglect and dependency action and Robert Fruth's motion for visitation under R.C. 3109.12.
Pursuant to Juv.R. 40(E)(3)(a), a party may file written objections to a magistrate's decision within fourteen days of the filing of that decision. Pursuant to Juv.R. 40(E)(3)(b), a "party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
Here, appellants filed objections to the magistrate's decision. Albeit untimely, those objections stated:
 1. The Magistrate's Decision awarding legal custody of Randal Edwin and Roxana Marie Fruth to the maternal uncle, Robert A. Fruth, is contrary to law.
 2. The Magistrate erred and abused her discretion in awarding legal custody of Randal Edwin and Roxana Marie Fruth to the maternal uncle, Robert A. Fruth.
 3. The Magistrate's Decision awarding legal custody of Randal Edwin and Roxana Marie Fruth to the maternal uncle, Robert A. Fruth, is against the manifest weight of the evidence.
 4. The Magistrate's Decision awarding legal custody of Randal Edwin and Roxana Marie Fruth to the maternal uncle, Robert A. Fruth is not support[ed] by the evidence in the case.
None of the objections filed in the trial court addresses the factual or legal underpinning for appellants' contention regarding the combined hearings. Having failed to raise the issue before the trial court, appellants may not assign it as error here.
Moreover, even if we examine the merits of appellants' assertion and look to the transcript of the proceedings before the trial court, the issue of hearing FCCS' January 12, 1998 motion with the ongoing trial was before the magistrate and the parties on January 22, 1998. While the magistrate indicates an off-the-record conversation concerning the matter, the parties were on record in discussing the nature of the trial from that point forward. Specifically, the magistrate stated:
 MAGISTRATE JORGENSEN: I tend to treat the case as a whole with all of the — I can't just consider a small body of facts that we've heard testimonies all relevant to coming to a decision here. And I will, indeed, consider all the evidence that's been put on. Mr. McCord —. (Tr. 5.)
In response, counsel for appellants stated:
 MR. McCORD: With respect to that, I don't know that we could legally just admit everything. But I understand from your standpoint, you can't dismiss it from your head. So we just keep all the testimony that's been going on — going on. Now, with respect to start in September, I assume that I can cross examine Ms. Neil on previous dates prior to September if — if it's relevant to what happened since that time.
 MAGISTRATE JORGENSEN: Right. I reserve the right to kind of limit that, but I am going to do that as an as needed basis because I think we need to get some resolution on this case for everybody's benefit as well. (Tr. 5-6.)
Appellants thus failed to object, but instead acquiesced in the procedure the magistrate announced, and thereby waived any objection to proceeding in that manner.
Moreover, appellants have failed to indicate how they were prejudiced by the proceedings, as the trial court corroborates counsel's assumption that he could cross-examine regarding previous statements. Indeed, given the ongoing issues in the dependency action and Robert Fruth's motion for visitation, the magistrate's attempting to separate those actions from FCCS' January 12, 1998 motion would have caused unnecessary duplication of testimony as well as unnecessary delay in resolving these matters. The magistrate acted within her discretion in proceeding as she did, especially in the absence of objection. While appellants contend counsel objected to the magistrate's manner of proceeding, the pages appellants cite in support fail to reveal an objection.
Nor do appellant's note any point in the hearing where the magistrate precluded appellants from delving into matters significant to resolving the issues before the magistrate. Although appellants contend the magistrate improperly limited inquiry into Robert Fruth's income, the November 12, 1997 hearing gave appellants significant opportunity in that regard.
In the final analysis, the hearing encompassing the neglect and dependency action, the motion for visitation, and FCCS' January 12, 1998 motion, involved similar issues, including the condition of the home, whether the parents could remedy that situation and the continued involvement of the Fruths. The magistrate did not err in allowing them to be heard jointly.
Finally, under their first assignment of error, appellants contend that in awarding legal custody of the children to Robert Fruth, the trial court violated R.C. 2151.353(A)(3), which states:
 (A) If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition:
* * *
 (3) Award legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child[.]
"Ohio courts have concluded that granting legal custody to a third party who has not filed a motion requesting legal custody prior to the hearing may, in the absence of other circumstances indicating notice, violate the procedural due process guaranteed a parent in a permanent custody action." In theMatter of: Desiree Lewis (Sept. 22, 1999), Lorain App. No. 98CA007237, unreported, citing In re Barcelo (June 26, 1998), Geauga App. No. 97-G-2095, unreported. Apart from any issues involved when the moving party is a parent, under R.C.2151.353(A)(3), "the trial court may not award custody of a child to a non-parent who has not sought custody before the hearing resulting in the award. This would be for the obvious reason that if the court should award custody to a custodian who was not within the contemplation of any of the parties as a potential custodian when the custody issue was heard, then the parties will not have had adequate notice of the proposed custodian at the hearing at which the custody issue was considered." In reMoorehead (1991), 75 Ohio App.3d 711, 717.
Here, prior to FCCS' January 12, 1998 motion, Robert Fruth had filed a motion for custody of the children; he dismissed it only when appellants appeared to have alleviated conditions at the home enough to allow the children to return. Accordingly, appellants cannot contend they were unaware of Robert Fruth's intentions in that regard, especially given the other prior placements with him. Indeed, as the magistrate noted at the April 2, 1998 hearing date, " * * * There is a request by the agency to consider legal custody to the Fruths." To suggest that R.C.2151.353(A)(3) precludes an award of legal custody to Robert Fruth under these circumstances arguably elevates form over substance. Given notice to appellants by Robert Fruth's motion and the agency's request, appellants' argument is unpersuasive. Cf. In reBarcelo, supra.
For all of the foregoing reasons, appellants' first assignment of error is overruled.
In their second assignment of error, appellants challenge numerous instances in which they assert that witnesses were allowed to testify outside the bounds of the Rules of Evidence.
Once again, appellants failed to bring many of the incidents, subject of appellants' second assignment of error, to the trial court for consideration through objections. As a result of the operation of Juv.R. 40(E)(3)(b), they are precluded from assigning those issues as error on appeal. However, even if we address appellants' second assignment of error, Juv.R. 34(B)(2), governing dispositional hearings states:
 Except as provided in division (I) of this rule, the court may admit evidence that is material and relevant, including, but not limited to, hearsay, opinion, and documentary evidence[.]
While Juv.R. 34(I) states that the "Rules of Evidence shall apply in hearings on motions for permanent custody," the trial court granted legal custody, not permanent custody of the children to Robert Fruth. Cf. R.C. 2151.353 and 2151.414. Accordingly, appellants' second assignment of error is overruled.
Having overruled both assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
DESHLER and KENNEDY, JJ., concur.